IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIMON MARTINEZ, | CASE NO. CV F 09-0813 LJO GSA |
| Plaintiff, | **ORDER ON DEFENDANT'S F.R.Civ.P.12(b)(6) MOTION TO DISMISS** |
| vs. | (Doc. 7.) |
| EMC MORTGAGE CORPORATION, et al, | |
| Defendants. | |

## INTRODUCTION

Defendant EMC Mortgage Corporation ("EMC Mortgage") seeks to dismiss as conclusory and time barred plaintiff Simon Martinez' ("Mr. Martinez'") rescission and damages claims under the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601, et seq., and its implementing regulations, 12 C.F.R. §§ 226, et seq. ("Reg. Z"). Mr. Martinez filed no opposition papers. This Court considered EMC Mortgage's F.R.Civ.P. 12(b)(6) motion to dismiss on the record and VACATES the July 22, 2009 hearing, pursuant to Local Rule 78-230(c), (h). For the reasons discussed below, this Court DISMISSES this action against EMC Mortgage.

## BACKGROUND

### Mr. Martinez' Home Loan And Default

Mr. Martinez obtained a $255,000 loan for his Merced home ("property"). The loan was secured

by a deed of trust ("DOT") on the property and which was recorded on August 14, 2006.[1] The DOT indicates that PRO30 Funding is the lender, Financial Title Company is the trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") is the beneficiary.

After Mr. Martinez defaulted on the loan, a notice of default and election to sell under deed of trust ("default notice") was recorded on September 2, 2008. The default notice indicates that Mr. Martinez is $7,697.80 in arrears as of August 29, 2008.

A substitution of trustee was recorded on October 14, 2008 to substitute defendant Quality Loan Service Corporation ("Quality Loan") as trustee under the DOT. An assignment of deed of trust was recorded on November 17, 2008 to assign EMC Mortgage all beneficial interest under the DOT. A notice of trustee's sale was recorded on December 5, 2008.

## Mr. Martinez' Claims

On May 7, 2009, Mr. Martinez filed this action to complain generally that loan disclosure documents failed to disclose "the true nature and cost" of his loan and "rescission rights" information and failed to satisfy TILA and Reg. Z requirements. Mr. Martinez' operative complaint alleges that defendants failed "clearly and conspicuously" to disclose "material information regarding the loan at issue here to lure Plaintiff into purchasing a loan that would result in overextension of credit, loss of equity in his home, derogatory credit reporting, and foreclosure on Plaintiff's home." The complaint alleges:

 1. A (first) rescission claim that defendants' "failure to provide proper *material* disclosures" entitles Mr. Martinez to rescind his loan under TILA and Reg. Z; and
 2. A (second) apparent TILA violation claim for damages arising from failure to make required TILA and Reg. Z disclosures. (Italics in original.)

The complaint seeks to rescind Mr. Martinez' loan, a return of Mr. Martinez' money or property, statutory damages, an injunction of foreclosure, and attorney fees.

/ / /

/ / /

---

[1] All documents pertaining to Mr. Martinez' loan and default were recorded with the Merced County Official Records.

## DISCUSSION

### F.R.Civ.P. 12(b)(6) Motion Standards

EMC Mortgage seeks F.R.Civ.P. 12(b)(6) dismissal of Mr. Martinez' claims on grounds that they are "supported by mere conclusions" and time barred.

A F.R.Civ.P. 12(b)(6) motion to dismiss is a challenge to the sufficiency of the pleadings set forth in the complaint. "When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheurer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974); *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). A F.R.Civ.P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

In resolving a F.R.Civ.P. 12(b)(6) motion, the court must: (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir. 1996). Nonetheless, a court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Farm Credit Services v. American State Bank*, 339 F.3d 765, 767 (8th Cir. 2003) (citation omitted). A court need not permit an attempt to amend a complaint if "it determines that the pleading could not possibly be cured by allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes,* 181 F.R.D. 629,

1  634 (S.D. Cal. 1998).

2  Moreover, a limitations defense may be raised by a F.R.Civ.P. 12(b)(6) motion to dismiss. *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980); *see Avco Corp. v. Precision Air Parts, Inc.*, 676 F.2d 494, 495 (11th Cir. 1982), *cert. denied*, 459 U.S. 1037, 103 S.Ct. 450 (1982). A F.R.Civ.P. 12(b)(6) motion to dismiss may raise the limitations defense when the statute's running is apparent on the complaint's face. *Jablon*, 614 F.2d at 682. If the limitations defense does not appear on the complaint's face and the trial court accepts matters outside the pleadings' scope, the defense may be raised by a motion to dismiss accompanied by affidavits. *Jablon*, 614 F.2d at 682; *Rauch v. Day and Night Mfg. Corp.*, 576 F.2d 697 (6th Cir. 1978).

For a F.R.Civ.P. 12(b)(6) motion, a court generally cannot consider material outside the complaint. *Van Winkle v. Allstate Ins. Co.*, 290 F.Supp.2d 1158, 1162, n. 2 (C.D. Cal. 2003). Nonetheless, a court may consider exhibits submitted with the complaint. *Van Winkle*, 290 F.Supp.2d at 1162, n. 2. In addition, a "court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). A court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir.2003). Such consideration prevents "plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting reference to documents upon which their claims are based." *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998). A "court may disregard allegations in the complaint if contradicted by facts established by exhibits attached to the complaint." *Sumner Peck Ranch v. Bureau of Reclamation*, 823 F.Supp. 715, 720 (E.D. Cal. 1993) (citing *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir.1987)). Moreover, "judicial notice may be taken of a fact to show that a complaint does not state a cause of action." *Sears, Roebuck & Co. v. Metropolitan Engravers, Ltd.*, 245 F.2d 67, 70 (9th Cir. 1956); *see Estate of Blue v. County of Los Angeles*, 120 F.3d 982, 984 (9th Cir. 1997). As such, this Court may consider plaintiffs' pertinent loan and foreclosure documents.

///

**TILA Rescission**

TILA's "buyer's remorse" provision allows borrowers three business days to rescind, without penalty, a consumer loan that uses their principal dwelling as security. *Semar v. Platte Valley Federal Sav. & Loan Ass'n*, 791 F.2d 699, 701 (9th Cir. 1986); 15 U.S.C. § 1635(a). TILA rescission may be extended up to three years if a lender fails to comply with TILA disclosure requirements. *Semar*, 791 F.2d at 701-702; 15 U.S.C. § 1635.

EMC Mortgage attacks the TILA rescission claim in the absence of proof that Mr. Martinez "has the capacity to pay back what Plaintiff received in the original mortgage transaction (minus interest, finance charges, etc)." The "voiding of a security interest may be judicially conditioned on debtor's tender of amount due under the loan." *American Mortgage Network, Inc. v. Shelton*, 486 F.3d 815, 821 (4th Cir. 2007).

EMC Mortgage further faults the rescission claim's failure to identify specific "material" disclosures unprovided to Mr. Martinez. EMC Mortgage argues that the complaint "fails to indicate what the allege 'material respects' refer to and the deficiency in the disclosures received" to render the rescission claims subject to dismissal.

15 U.S.C. § 1635(b) governs the return of money or property when a borrower exercises the right to rescind:

> . . . Within 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction. If the creditor has delivered any property to the obligor, the obligor may retain possession of it. Upon the performance of the creditor's obligations under this section, the obligor shall tender the property to the creditor, except that if return of the property in kind would be impracticable or inequitable, the obligor shall tender its reasonable value. Tender shall be made at the location of the property or at the residence of the obligor, at the option of the obligor. If the creditor does not take possession of the property within 20 days after tender by the obligor, ownership of the property vests in the obligor without obligation on his part to pay for it. The procedures prescribed by this subsection shall apply except when otherwise ordered by a court.

12 C.F.R. § 226.23(d) address rescission effects and provides:

> (2) Within 20 calendar days after receipt of a notice of rescission, the creditor shall return any money or property that has been given to anyone in connection with the transaction and shall take any action necessary to reflect the termination of the security interest.

5

> (3) If the creditor has delivered any money or property, the consumer may retain possession until the creditor has met its obligation under paragraph (d)(2) of this section. When the creditor has complied with that paragraph, **the consumer shall tender the money or property to the creditor** or, where the latter would be impracticable or inequitable, tender its reasonable value. At the consumer's option, tender of property may be made at the location of the property or at the consumer's residence. Tender of money must be made at the creditor's designated place of business. If the creditor does not take possession of the money or property within 20 calendar days after the consumer's tender, the consumer may keep it without further obligation. (Bold added.)

The complaint alleges that Mr. Martinez "brings this action" to give "effective Notice to Rescind" his loan and "has offered to surrender the Property or its equivalent value, determined by application of all proceeds since origination." EMC Mortgage notes that neither TILA nor Reg. Z "'establishes that a borrower's mere assertion of the right of rescission has the automatic effect of voiding the contract.'" *Yamamoto v. Bank of New York*, 329 F.3d 1167, 1172 (9th Cir. 2003) (quoting *Large v. Conseco Financing Servicing Corp.*, 292 F.3d 49, 54-55 (1st Cir. 2002)). The Ninth Circuit Court of Appeals, relying on *Large*, explained:

> Instead, the "natural reading" of the language of § 1635(b) "is that the security interest becomes void when the obligor exercises a right to rescind that is available in the particular case, either because the creditor acknowledges that the right of rescission is available, or because the appropriate decision maker has so determined. . . . Until such decision is made the [borrowers] have only advanced a claim seeking rescission."

*Yamamoto*, 329 F.3d at 1172 (quoting *Large*, 292 F.3d at 54-55)).

A rescission notice is not automatic "without regard to whether the law permits [borrower] to rescind on the grounds asserted." *See Yamamoto*, 329 F.3d at 1172. Entertaining rescission automatically "makes no sense . . . when the lender contests the ground upon which the borrower rescinds." *Yamamoto*, 329 F.3d at 1172. "In these circumstances, it cannot be that the security interest vanishes immediately upon the giving of notice. Otherwise, a borrower could get out from under a secured loan simply by *claiming* TILA violations, whether or not the lender had actually committed any." *Yamamoto*, 329 F.3d at 1172 (italics in original).

Moreover, although 15 U.S.C. § 1635(b) "provides for immediate voiding of the security interest and return of the money within twenty days of the notice of rescission, we believe this assumes that the notice of rescission was proper in the first place." *In re Groat*, 369 B.R. 413, 419 (Bankr. 8th Cir. 2007). A "court may impose conditions on rescission that assure that the borrower meets her obligations once the creditor has performed its obligations." *Yamamoto*, 329 F.3d at 1173. The Ninth Circuit has

6

explained that prior to ordering rescission based on a lender's alleged TILA violations, a court may require borrowers to prove ability to repay loan proceeds:

> As rescission under § 1635(b) is an on-going process consisting of a number of steps, there is no reason why a court that may alter the sequence of procedures after deciding that rescission is warranted, may not do so before deciding that rescission is warranted when it finds that, assuming grounds for rescission exist, rescission still could not be enforced because the borrower cannot comply with the borrower's rescission obligations no matter what. Such a decision lies within the court's equitable discretion, taking into consideration all the circumstances including the nature of the violations and the borrower's ability to repay the proceeds. If, as was the case here, it is clear from the evidence that the borrower lacks capacity to pay back what she has received (less interest, finance charges, etc.), the court does not lack discretion to do before trial what it could do after.

*Yamamoto*, 329 F.3d at 1173 (affirming summary judgment for lender in absence of evidence that borrowers could refinance or sell property); *see American Mortgage*, 486 F.3d at 821 ("Once the trial judge in this case determined that the [plaintiffs] were unable to tender the loan proceeds, the remedy of unconditional rescission was inappropriate."); *LaGrone v. Johnson*, 534 F.2d 1360, 1362 (9th Cir. 1974) (under the facts, loan rescission should be conditioned on the borrower's tender of advanced funds given the lender's non-egregious TILA violations and equities heavily favoring the lender).[2]

EMC Mortgage correctly notes that it contests Mr. Martinez' right to rescind and that Mr. Martinez' loan is not void in the absence of a determination that "rescission is warranted." The complaint merely alleges that "[a]ll conditions precedent have been performed or have occurred." The complaint's prayer seeks this Court's order that Mr. Martinez has no duty to tender if defendants "fail to further respond lawfully" to Mr. Martinez' "valid rescission notice." The prayer seeks an alternative order "for Defendants to accept tender on reasonable terms and over a reasonable period of time."

Mr. Martinez fails to establish that his complaint is a timely, valid rescission notice. The complaint acknowledges Mr. Martinez' inability to tender the loan proceeds to entitle him to rescission.

---

[2] The Fourth Circuit Court of Appeals agrees with the Ninth Circuit that 15 U.S.C. § 1635(b) does not compel a creditor to remove a mortgage lien in the absence of the debtor's tender of loan proceeds:

> Congress did not intend to require a lender to relinquish its security interest when it is now known that the borrowers did not intend and were not prepared to tender restitution of the funds expended by the lender in discharging the prior obligations of the borrowers.

*Powers v. Sims & Levin*, 542 F.2d 1216, 1221 (4th Cir. 1976).

"Clearly it was not the intent of Congress to reduce the mortgage company to an unsecured creditor or to simply permit the debtor to indefinitely extend the loan without interest." *American Mortgage*, 486 F.3d at 820-821. Without Mr. Martinez' meaningful tender, TILA rescission is an empty remedy, not capable of being granted. The absence of a sufficiently alleged notice of rescission and tender of loan proceeds dooms Mr. Martinez' TILA rescission claim to warrant its dismissal.

### **TILA Damages**

The complaint's second claim appears to seek TILA damages. EMC Mortgage challenges the claim as barred by the one-year limitations period of 15 U.S.C. § 1640(e), which provides that an action for a TILA violation must proceed "within one year from the date of the occurrence of the violation." The limitations period runs from the date of a transaction's consummation which is the time that a consumer becomes contractually obligated on a credit transaction. *Monaco v. Bear Stearns Residential Mortgage Corp.*, 554 F.Supp.2d 1034, 1039 (C.D. Cal. 2008). "Therefore, as a general rule the limitations period starts at the consummation of the transaction." *King v. State of Cal.*, 784 F.2d 910, 915 (9th Cir. 1986).

The complaint acknowledges that the "mortgage transaction at the root of this case was closed with documents signed on or about August 3, 2006." EMC contends that the May 7, 2009 filing of this action renders the TILA damages claim untimely. In *Meyer v. Ameriquest Mortgage Co.*, 342 F.3d 899, 902 (9th Cir. 2003), the Ninth Circuit Court of Appeals explained:

> The failure to make the required disclosures occurred, if at all, at the time the loan documents were signed. The [plaintiffs] were in full possession of all information relevant to the discovery of a TiLA violation and a § 1640(a) damages claim on the day the loan papers were signed.

EMC Mortgage further contends that Mr. Martinez may not rely on equitable tolling of the limitations period despite the complaint's allegation that defendants' "failure to clearly and conspicuously disclose the terms of the loan pursuant to TILA and Reg. Z made it impossible for Plaintiff to discover the fraud or non-disclosure within the one-year period statutory period for civil damages claims." EMC Mortgage argues that the complaint fails to satisfy equitable tolling in absence of allegations that EMC Mortgage or "anyone else somehow prevented Plaintiff from comparing what documents he received" to the TILA disclosure requirements. *See Hubbard v. Fidelity Federal Bank*,

8

91 F.3d 75, 79 (9th Cir. 1996) (no evidence suggested that lender concealed its alleged breach). EMC Mortgage notes that Mr. Martinez "was in full possession of all information relevant to the discovery of a TILA violation at the time the loan was consummated."

"Equitable tolling may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim." *Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000). The Ninth Circuit Court of Appeals has explained:

> Unlike equitable estoppel, equitable tolling does not depend on any wrongful conduct by the defendant to prevent the plaintiff from suing. Instead it focuses on whether there was excusable delay by the plaintiff. If a reasonable plaintiff would not have known of the existence of a possible claim within the limitations period, then equitable tolling will serve to extend the statute of limitations for filing until the plaintiff can gather what information he needs. . . . However, equitable tolling does not postpone the statute of limitations until the existence of a claim is a virtual certainty.

*Santa Maria*, 202 F.3d at 1178 (citation omitted).

To rely on the delayed discovery of a claim, "[a] plaintiff whose complaint shows on its face that his claim would be barred without the benefit of the discovery rule must specifically plead facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence." *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal.4th 797, 808, 27 Cal.Rptr.3d 661 (2005) (quoting *McKelvey v. Boeing North American, Inc.,* 74 Cal.App.4th 151, 160, 86 Cal.Rptr.2d 645 (1999)). "[T]o adequately allege facts supporting a theory of delayed discovery, the plaintiff must plead that, despite diligent investigation of the circumstances of the injury, he or she could not have reasonably discovered facts supporting the cause of action within the applicable statute of limitations period." *Fox*, 35 Cal.4th at 809, 27 Cal.Rptr.2d 661.

The doctrine of delayed discovery requires a plaintiff to plead facts showing an excuse for late discovery of the facts underlying his cause of action. *Prudential Home Mortgage Co. v. Superior Court*, 66 Cal.App.4th 1236, 1247, 78 Cal.Rptr.2d 566 (1998). The plaintiff must show that it was not at fault for failing to discover or had no actual or presumptive knowledge of facts sufficient to put it on inquiry. *Prudential Home*, 66 Cal.App.4th at 1247, 78 Cal.Rptr.2d 566. As to sufficiency of delayed discovery allegations, plaintiff bears the burden to "show diligence" and "conclusory allegations' will not withstand dismissal. *Fox*, 35 Cal.4th 797, 808, 27 Cal.Rptr.2d 661.

Nothing in the complaint hints that Mr. Martinez was prevented to compare his loan documents

and disclosures with TILA and Reg. Z requirements. The complaint's conclusory allegations are insufficient to invoke equitable tolling or delayed discovery to preclude a limitations defense. Mr. Martinez' TILA damages claim is time barred, and Mr. Martinez makes no meaningful attempt to oppose dismissal of the claim.

### CONCLUSION AND ORDER

For the reasons discussed above, this Court:

1. DISMISSES with prejudice this action against EMC Mortgage;
2. DIRECTS the clerk to enter judgment in favor of defendant EMC Mortgage Corporation and against plaintiff Simon Martinez; and
3. ORDERS Mr. Martinez' counsel, no later than July 17, 2009, to file papers to show cause why this Court should not dismiss this action against defendant Quality Loan Service Corporation.

**This Court ADMONISHES Mr. Martinez and his counsel that this Court will dismiss this action against defendant Quality Loan Service Corporation if Mr. Martinez' counsel fails to comply with this order and fails to file timely papers to show cause why this Court should not dismiss defendant Quality Loan Service Corporation.**

IT IS SO ORDERED.

Dated:   July 10, 2009                             /s/ Lawrence J. O'Neill
                                                  UNITED STATES DISTRICT JUDGE