IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIMON MARTINEZ,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>EMC MORTGAGE CORPORATION, et al.,<br><br>　　　　Defendants.<br>_____ / | CASE NO. CV F 09-0813 LJO GSA<br><br>**ORDER TO DISMISS REMAINING DEFENDANT**<br>(Doc. 11.) |

### BACKGROUND

This Court's July 10, 2009 order ("July 10 order") dismissed defendant EMC Mortgage Corporation and required counsel for plaintiff Simon Martinez ("Mr. Martinez"), no later than July 17, 2009, to file papers to show cause why this Court should not dismiss this action against remaining defendant Quality Loan Service Corporation.  The July 10 order "**ADMONISHES Mr. Martinez and his counsel that this Court will dismiss this action against defendant Quality Loan Service Corporation if Mr. Martinez' counsel fails to comply with this order and fails to file timely papers to show cause why this Court should not dismiss defendant Quality Loan Service Corporation.**" (Bold in original.)  Mr. Martinez' counsel failed to file papers to show cause why this Court should not dismiss defendant Quality Loan Service Corporation.

1

# DISCUSSION

## Failure To Comply With Orders

This Court's Local Rule 11-110 provides that ". . . failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to obey a court order or local rules. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for failure to comply with a court order or local rules or for lack of prosecution, a court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-1261; *Ghazali*, 46 F.3d at 53.

In this case, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal as Mr. Martinez and his counsel indicate a lack of interest to further litigate or prosecute this action. The third factor -- risk of prejudice to defendant -- also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that its failure

to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-133; *Henderson*, 779 F.2d at 1424. The July 10 order "**ADMONISHES Mr. Martinez and his counsel that this Court will dismiss this action against defendant Quality Loan Service Corporation if Mr. Martinez' counsel fails to comply with this order and fails to file timely papers to show cause why this Court should not dismiss defendant Quality Loan Service Corporation.**" (Bold in original.) Mr. Martinez and his counsel ignored the July 10 order and received adequate warning that dismissal will result from disobedience of this Court's orders and failure to prosecute this action. Quite simply, Mr. Martinez has failed to comply with this Court's order and to meaningfully and intelligently respond.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court DISMISSES without prejudice this action against defendant Quality Loan Service Corporation and DIRECTS the clerk to close this action.

IT IS SO ORDERED.

**Dated:   July 20, 2009**                    /s/ Lawrence J. O'Neill
                                                            UNITED STATES DISTRICT JUDGE